This is a suit for the recovery of the value of cattle alleged to have been wrongfully taken by one Hardy Thompson, an employee of plaintiff, Mrs. Helen Vawter Agnew, and sold to the defendant, Harley Hopper.
A related case involving largely the same facts, which has heretofore been decided by this Court, styled Agnew v. Mullenix, La. App., 11 So.2d 106.
The facts, as reflected by the record in this suit, of which the record in the Mullenix suit has been made a part, show that at some date early in January of the year 1942, plaintiff, Helen Vawter Agnew, owner of a plantation on which she operated a dairy, and in connection with which she maintained a herd of cattle of uncertain number, discovered that her employee, one Hardy Thompson, had removed from the premises and sold a number of cows, heifers and calves without plaintiff's knowledge or authority, and without accounting for the money received from such sales.
Immediately after discovery of her employee's criminal acts, plaintiff caused his arrest, and, upon plea of guilty to theft of the cattle, the said named employee was sentenced to the State penitentiary.
In February of 1942, plaintiff filed several suits, among which was the Mullenix suit, all of which sought recovery of cattle in possession of the several defendants, based upon the wrongful conversion of plaintiff's property as the result of the unauthorized sales by her employee. Of these several actions the Mullenix suit is the only one which has been tried prior to the case which is now before us.
This suit was filed December 26, 1942, and the burden of plaintiff's claim is that defendant wrongfully purchased six cows, five two-year old heifers, one Jersey calf, and eight heifer calves, of a total value of $765.00, the recovery of which amount is herein sought.
Defendant filed a plea of prescription and an answer which was in effect a general denial of the allegations of plaintiff's petition. The case was tried November 20, 1943, judgment was not rendered until *Page 376 
October 26, 1945, and this appeal was perfected by agreement of counsel after the expiration of the delay for taking of a suspensive appeal. The stipulation extending the period was granted defendant's counsel as a matter of courtesy, in view of the fact that he had been absent in the armed service at the time judgment was rendered.
After trial, there was judgment in favor of plaintiff in the sum of $760.00.
It is noted that no reference is made in the decree to the plea of prescription, which point has been emphasized by counsel for defendant before this Court.
The plea of prescription is based on the provision of Article3536 of the Civil Code providing that the action for damages resulting from offenses or quasi offenses is prescribed by the lapse of one year.
It is argued by defendant's counsel that the prescriptive period begins to run either from the time plaintiff acquires knowledge of the commission of the offense or from the time when she should, and, under ordinary circumstances, could have acquired such knowledge. Inasmuch as the unauthorized sales were made during 1940 and 1941, the point raised is pertinent and should have been determined by the lower Court.
The principal points upon which defendant relies in urging the plea of prescription are that plaintiff had knowledge in May of 1941 that her employee, Hardy Thompson, was a former inmate of the Louisiana Training Institute; that according to plaintiff's testimony she had repeatedly requested the said Thompson to round up all cattle, that were not being milked, for her inspection, which he neglected or refused to do, advancing in defense of such neglect various excuses and pretexts; that the knowledge of Thompson's record, coupled with his neglect or failure to make the cattle available for plaintiff's inspection was sufficient to put plaintiff on guard, and that, as a consequence, plaintiff's failure to exercise ordinary prudence and care at such time should be construed as an affirmative failure to take advantage of the opportunity to detect her employee's illegal acts to such an extent as to initiate the running of the prescriptive period.
Our appreciation of the facts evidenced by the record does not accord with such a conclusion. There is nothing in the record which would indicate that the commitment of plaintiff's employee, Hardy Thompson, to the reformatory was due to the commission of an offense of such nature or was of such recent occurrence as to have warned a person of ordinary reason and prudence of such defects of character and criminal predelictions as might lead to the commission of offenses against such person's property. Nor, to our minds, should any grave importance be attached to the suspicious circumstances in connection with the employee's failure to bring up all the stock for inspection. Plaintiff spent only her evenings and weekends on her place. It is obvious that she reposed confidence in her employee, and no facts are shown which would indicate that she had reason to suspect that such confidence was misplaced. On the contrary, the record conclusively establishes the fact that immediately upon discovering the first clue indicating the theft of her property by the employee, plaintiff immediately began steps which speedily led to his confession, arrest and sentence. And, within a month, plaintiff had brought a number of civil suits seeking restitution of a number of head of the cattle that had been wrongfully taken from her possession.
[1] Inasmuch as the present suit was instituted within a year from the occurrence of the events of January, 1942, and since we are thoroughly satisfied that these incidents were the first real knowledge upon which the beginning of the running of prescription could have been predicated, we can only conclude that the plea of prescription should be overruled.
The only points which we regard as being at issue on the merits of the case are with reference to the number and value of the cattle taken and wrongfully sold to this defendant. We have carefully studied the testimony in the record bearing on each of these points and find no manifest error in the determination of these questions of fact, by our learned brother *Page 377 
of the district Court. In his judgment, which also contained his assignment of reasons therefor, the district Judge found that the evidence supported his conclusion that twelve cattle, classified as six cows, five heifers and one calf, had been acquired by this defendant from plaintiff's employee. We find no error in this conclusion.
On the matter of the value of the stock, the following observation was made in the course of the opinion of the district Judge:
"These cattle were Jersey dairy stock and plaintiff's alleged values of $75.00 for cows, $60, for heifers and $10.00 for calves is, in the opinion of this court, very reasonable, and she is entitled to judgment at these values."
Defendant vigorously complains of the values fixed. Our study of the record discloses that the evidence on this point is not satisfactory. The only basis of valuation by plaintiff, as disclosed by her testimony, rests upon her purchase of a cow, which she regarded as being of equal value, for a sum of $75.00.
[2] The only reference to value in the presentation of defendant's case was on the part of one witness, who testified that he would not give more than $35.00 or $40.00 for one of the cows. Such testimony does not provide a sound basis for the fixing of value.
Diligent search has failed to reveal any effort to establish, through the testimony of disinterested and competent parties, the value of dairy stock at the time of the wrongful taking and sale to this defendant. The testimony of the one witness of defendant is of little, if any, importance, since it did not bear upon the market value but simply upon the opinion of the witness as to what he would have been willing to give for one certain cow.
[3] Under the circumstances, we cannot say that the value fixed by the district Judge is manifestly erroneous, since the record, for all practical purposes, is barren of any competent testimony on this point.
For the reasons assigned, the plea of prescription is overruled, and the judgment appealed from is affirmed at appellant's cost.